## IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| In re: | ) | Chapter 11 |
| | ) | |
| CHI-CHI'S INC., et al., | ) | Case No. 03-13063 |
| | ) | (Jointly Administered) |
| Debtors. | ) | |
| | ) | |
| SYSCO CORPORATION and | ) | |
| THE SYGMA NETWORK, INC., | ) | Adv. Pro. No. 05-52726 |
| | ) | |
| Plaintiffs, | ) | |
| | ) | |
| v. | ) | |
| | ) | |
| CHI-CHI'S, INC., | ) | |
| | ) | |
| Defendant. | ) | |

### NOTICE OF APPEAL

Pursuant to 28 U.S.C. § 158(a), Sysco Corporation and The SYGMA Network, Inc.

appeal the Memorandum of Opinion and Order and Order dated January 18, 2006 and entered on

the docket on January 19, 2006 granting judgment in favor of Debtor-Defendant Chi-Chi's, Inc.

and dismissing the complaint brought by Sysco Corporation and The SYGMA Network, Inc.

(Adv. Proc. No. Docket Nos. 27 and 28) entered by the United States Bankruptcy Court for the

District of Delaware, Judge Randolph Baxter, a copy of which is attached hereto as Exhibit A.

The names of all the parties to the judgment, order or decree appealed from and the

names, addresses and telephone numbers of their respective attorneys are as follows:

| PARTY | ATTORNEYS |
|---|---|
| Counsel for Sysco Corporation and The SYGMA Network, Inc. | Mark E. Felger<br>Jeffrey R. Waxman<br>Cozen O'Connor<br>Chase Manhattan Centre, Suite 1400<br>Wilmington, Delaware 19801<br>Telephone: (302) 295-2000<br><br>-and-<br><br>Philip G. Kircher<br>Aaron Krauss<br>Cozen O'Connor<br>1900 Market Street<br>Philadelphia, PA 19103<br>Telephone: (215) 665-2000 |
| Counsel for Chi-Chi's Inc. | Frederic L. Gordon<br>Rhonda J. Holmes<br>Douglas J. Billings<br>Gordon & Holmes<br>223 West Date Street<br>San Diego, CA 92101<br>Telephone: (619) 696-0444<br><br>-and-<br><br>William N. Lobel<br>Alan J. Friedman<br>Irell & Manella LLP<br>840 Newport Center Drive, Suite 400<br>Newport Beach, CA 92660-6324<br>Telephone: (949) 760-0991<br><br>-and-<br><br>Laura Davis Jones<br>Bruce Groshgal<br>Rachel Lowy Werkheiser<br>Sandra G.M. Selzer<br>Pachulski, Stang, Ziehl, Young,<br>Jones & Weintraub P.C.<br>919 North Market Street, 17th Floor<br>Post Office Box 8705<br>Wilmington, DE 19899<br>(302) 652-4100 |

| PARTY | ATTORNEYS |
|---|---|
| Counsel for Empire Indemnity Insurance Company, Subrogee of Debtors, Chi-Chi's, Inc. | Francis G.X. Pileggi, Jr.<br>Bernard George Conaway<br>L. Jason Cornell<br>Fox Rothschild LLP<br>919 North Market Street, Suite 1300<br>P.O. Box 2323<br>Wilmington, DE 19899-2323<br>Telephone (302) 654-7444<br><br>-and-<br><br>Richard Dennis Abrams<br>Heckler & Frabizzio, P.A.<br>800 Delaware Avenue, Suite 200<br>Wilmington, DE 19801<br>Telephone (302) 573-4800 |

Dated: January 30, 2006

COZEN O'CONNOR

Mark E. Felger (#3919)
Jeffrey R. Waxman (#4159)
Chase Manhattan Centre, Suite 1400
Wilmington, Delaware 19801
Telephone: (302) 295-2000
Telecopy: (302) 295-2013

-and-

Philip G. Kircher
Aaron Krauss
Cozen O'Connor
1900 Market Street
Philadelphia, PA 19103
Telephone: (302) 295-2000

Counsel for Sysco Corporation and
The SYGMA Network, Inc.

## IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE DISTRICT OF DELAWARE

In Re:

**CHI-CHI'S, INC.,** *et al.*

**Debtors.**

In Proceedings Under Chapter 11

Case No.:  03-13063

---

**SYSCO CORPORATION and**
**THE SYGMA NETWORK, INC.,**

**Plaintiffs,**

v.

**CHI-CHI'S, INC.,**

**Defendant.**

Adv. Proc. No. 05-52726

**JUDGE RANDOLPH BAXTER**

### MEMORANDUM OF OPINION AND ORDER

Before the Court is the complaint of Sysco Corporation and the SYGMA Network (collectively, "Sysco") seeking to enjoin the Debtor Chi-Chi's Inc. ("Chi-Chi's") from initiating, continuing, and/or participating in any additional actions, including arbitration, against them in connection with certain hepatitis claims.

The Court acquires core matter jurisdiction over this proceeding pursuant to 28 U.S.C. §§ 157(a), (b) and 1334(b).  Upon an examination of the parties' respective briefs and supporting documentation, and after conducting a trial on the matter, the following findings of fact and conclusions of law are hereby rendered:

\*

1.    **Factual History**

The present action arises out of a November 2003 outbreak of Hepatitis A illnesses attributed to the consumption of certain contaminated green onions at a Chi-Chi's restaurant in Monaca, Pennsylvania. The outbreak caused at least four deaths, and at least 650 illnesses. Chi-Chi's alleges that Sysco was the supplier of the contaminated onions. Sysco, in turn, allegedly obtained the onions from Castellini Company, LLC ("Castellini").

Bodily injury claimants have filed several hundred claims and/or complaints against Chi-Chi's (collectively, the "Hepatitis Claims"). To date, Chi-Chi's, through its own funds and those of its liability insurers, has paid approximately $31,000,000 in damages. Empire Indemnity Insurance Company ("Empire"), one of Chi-Chi's liability insurers, has paid, or will pay out, some $10,000,000 ("Empire costs").[1] Chi-Chi's also alleges that it has suffered its own damages of more than $30,000,000, including lost profits, property damage, self-insurance costs, indemnification, and other outbreak related costs (collectively, "lost profits damages").

### 2. Procedural History

#### a. Chi-Chi's Action

In July 2004, Chi-Chi's filed an adversary proceeding in this Court against Sysco and Castellini (the "Chi-Chi's Action"). Castellini informed Chi-Chi's of its intention to demand a jury trial and to seek withdrawal of the District Court's reference. Chi-Chi's also asserts that Sysco indicated a desire to submit the matter to arbitration, pursuant to the Distribution Service Agreement executed by the parties. For these reasons, on November 12, 2004, Chi-Chi's filed 1) a stipulation of dismissal as to defendant Castellini, so that Chi-Chi's could initiate an action against Castellini in the United States District Court for the Central District of California

---

[1] Empire Response, at 2.

("California District Court"), and 2) a notice of dismissal as to defendants Sysco and SYGMA, allegedly upon Sysco's suggestion that they would pursue resolution of the dispute through arbitration.

On November 22, 2004, Chi-Chi's filed a complaint in the Central District of California against Castellini. On June 1, 2005, the California District Court abstained from hearing the matter pursuant to 28 U.S.C. § 1334(c)(1). On June 6, 2005, Chi-Chi's refiled its complaint against Castellini in the United States District Court for the Western District of Pennsylvania ("Pennsylvania District Court") as a third-party complaint in a bodily injury case filed against Chi-Chi's.[2] On October 7, 2005, the Pennsylvania District Court, citing the first filed rule, granted Castellini's motion to dismiss Chi-Chi's third party complaint in favor of the action currently pending in this Court prosecuted by Empire against Castellini (see below).

On September 8, 2005, Chi-Chi's filed an arbitration claim against Sysco with ADR Options in Philadelphia, Pennsylvania.

### b. Empire Action

On November 16, 2004, Empire filed, as a real party in interest, its own adversary action in this Court (the "Empire Action"). Empire, naming Chi-Chi's as the plaintiff in the adversary action, noted that the complaint was filed by Empire, as subrogee of Chi-Chi's.[3] The complaint was brought by Empire's own litigation counsel. The complaint in the Empire Action is nearly word-for-word identical to the complaint in the Chi-Chi's Action.

Similar to the Chi-Chi's Action, Sysco also allegedly indicated to Empire that it would

---

[2] *Funkhouser v. Chi-Chi's*, 05-cv-00638, (W.D. Pa.) (McVerry, J.).

[3] Empire Complaint, at 1 n.1.

3

seek to invoke the mandatory arbitration provision contained in the Distribution Service

Agreement. Accordingly, on December 7, 2004, Empire filed a notice of dismissal of its

complaint, without prejudice, as to Sysco and SYGMA. Empire's complaint alleging claims

against Castellini remains pending at this time.

**

The Court must determine whether FED. R. CIV. P. 41(a)(1) bars Chi-Chi's from bringing

an arbitration claim and/or other proceedings against Sysco. Under the two dismissal rule, "if the

plaintiff invokes Rule 41(a)(1) a second time for an 'action based on or including the same

claim,' the action must be dismissed with prejudice." *Radogna v. Ashland, Inc.*, 2005 WL

736599, *1 n.2 (E.D. Pa. 2005) (citing *Cooter & Gell v. Hartmax Corp.*, 496 U.S. 384, 394

(1990)). The Court must determine whether Chi-Chi's is barred by Federal Rule of Civil

Procedure 41(a)(1) from pursuing arbitration, as well as all other actions. Rule 41 states, in

relevant part:

> (a) Voluntary Dismissal: Effect Thereof.
>
> (1) By Plaintiff; by Stipulation. . . . Unless otherwise stated in the notice of dismissal or stipulation, the dismissal is without prejudice, except that a notice of dismissal operates as an adjudication upon the merits when filed by a plaintiff who has once dismissed in any court of the United States or of any state an action based on or including the same claim.

FED. R. CIV. P. 41(a)(1).

Because it operates as an adjudication on the merits, the two dismissal rule has been

strictly construed. *E.g., Manze v. State Farm Ins. Co.*, 817 F.2d 1062, 1066 (3d Cir. 1987)

("several other courts of appeals have strictly interpreted Rule 41(a)(1)"); *Janssen v. Harris*, 321

F.3d 998, 1001 (10th Cir. 2003); *Sutton Place Development Co. v. Abacus Mortg. Inv. Co.*, 826

4

F.2d 637, 640 (7th Cir. 1987) ("We should be especially careful not to extend the scope of such a narrow exception when the purpose for the exception would not be served."); *Seippel v. Jenkins & Gilchrist, P.C.*, 2004 WL 2809205, *1 (S.D.N.Y. 2004); *Muzikowski v. Parmount Pictures Corp.*, 2003 WL 22872117, *3 (N.D. Ill. 2003); *Kuhn v. Williamson*, 122 F.R.D. 192, 195 (E.D.N.C. 1988) ("Since the two dismissal rule is in derogation of previously existing right and thus is to be strictly construed . . .").

Sysco argues that arbitration, as well as all other actions against Sysco, should be enjoined because the two dismissal rule prohibits Chi-Chi's from bringing a third action in connection with the Hepatitis Claims. Sysco argues that two dismissals have already occurred: 1) the Chi-Chi's Action, which was dismissed by notice as to Sysco and SYGMA on November 12, 2004, and 2) the Empire Action, which was also dismissed by notice as to Sysco and SYGMA on December 7, 2004. Therefore, pursuant to Rule 41(a)(1), the Empire Action would serve as an adjudication on the merits, and Chi-Chi's should be enjoined from pursuing arbitration at this stage.

As the party seeking to invoke Rule 41(a)(1), Sysco bears the burden of proving the applicability of the two dismissal rule by a preponderance of the evidence. *Marques v. Federal Reserve Bank of Chicago*, 286 F.3d 1014, 1017 (7th Cir. 2002) (placing the burden under Rule 41(a)(1) on the defendant, "since it is the defendant that is asserting the right to prevent the plaintiff from dismissing the suit.").

***

Initially, Sysco asserts that if applicable, this Court has the authority to enjoin arbitration proceedings in order to enforce Rule 41(a)(1). This assertion is not disputed by Chi-Chi's, since

5

Chi-Chi's believes that Rule 41(a)(1) is inapplicable. Sysco argues that pursuant to Rule 41(a)(1), the dismissal of the Empire Action in this Court would operate as an adjudication on the merits of Chi-Chi's complaint. In the event that this Court determines that Rule 41(a)(1) would apply in this manner, this Court would have the power to enjoin arbitration in order to protect its prior judgment. *See John Hancock Mut. Life Ins. Co. v. Olick*, 151 F.3d 132, 138 (3d Cir. 1998) ("[A] realistic concern for the finality and integrity of judgments would arise if parties were free to ignore federal court decisions that have conclusively settled claims or issues now sought to be arbitrated. . . . When a federal court is presented with the contention that a prior federal judgment determined issues now sought to be relitigated in an arbitral forum it must first determine the effect of the judgment." ); *In re American Honda Motor Co., Inc., Dealerships Relations Litigation*, 315 F.3d 417, 443 (4th Cir. 2003).

****

The express language of Rule 41(a)(1) requires that the second action be filed by a "plaintiff who has once dismissed." The Court must determine whether the Chi-Chi's Action and the Empire Action were filed by the same real party in interest.

The complaints in both actions are captioned with Chi-Chi's as the named plaintiff. The fact that the same plaintiff is named in the case caption, however, is not sufficient, alone, to invoke the two dismissal rule. The Empire complaint states that it was filed by Empire, as subrogee of the Debtor.[4] At oral argument the Court noted, and counsel for Sysco acknowledged, that it is not uncommon for a subrogated action by an insurer to be captioned in the name of the

---

[4] Empire Complaint, at 1 n.1.

insured.[5] *Michigan Alkali Co. v. Bankers Indemnity Ins. Co.*, 103 F.2d 345, 348 (2d Cir. 1939) ("Even when a suit is for the benefit of an insurer, it may be brought in the insured's name.); *see also Link Aviation, Inc. v. Downs*, 325 F.2d 613, 615 (D.C. Cir. 1963) ("We are of like opinion, that is to say that though brought in the name of the insureds, this suit was not a nullity, since, as we hold, it was brought for the use of the real parties in interest."); *In re Profile Systems, Inc.*, 1996 WL 26258, *6 n.2 (Bankr. D. Minn. 1996) ("[S]ubrogation claims are generally brought in the name of the insured rather than the insurer so that the controversy appears as a dispute between the insured and third parties. When, such as in this case, an insurer has paid only part of the loss and the insured continues to have a beneficial interest in the cause of action, such a practice can be further justified.").

Similarly, "the two-dismissal rule should not be defeated by a change in the nominal parties, without a change in the real party in interest." *Poloron Prods. Inc. v. Lybrand Ross Bros. & Montgomery*, 66 F.R.D. 610, 614 (S.D.N.Y. 1975) (hereinafter "*Poloron I*"), *rev'd on other grounds*, 534 F.2d 1012 (2d Cir. 1975)) (hereinafter "*Poloron II*"). In *Poloron I*, the district court found that three separate actions, although involving nominally different plaintiffs, were filed by the same real party in interest, and therefore the two dismissal rule could be applied.[6]

Therefore, the Court must determine whether the Chi-Chi's Action and the Empire Action were brought by the same real parties in interest. It is clear in this case, however, that

---

[5] Transcript of November 16, 2005 Hearing, at 10.

[6] *Poloron I* was reversed by the Second Circuit in *Poloron II* on the basis that a stipulated dismissal did not operate as a first "strike" under the two dismissal rule. *Poloron II*, 534 F.2d at 1017-18. In this case, both actions were dismissed by notice as to Sysco and SYGMA.

Empire and Chi-Chi's are separate real parties as required by the two dismissal rule. Empire seeks to assert its own rights, as subrogee. It is well settled that where there is partial subrogation, both the insured and the insurer are real parties in interest. *Virginia Elec. & Power Co. v. Westinghouse Elec. Corp.*, 485 F.2d 78, 84 (4th Cir. 1973) (citing *United States v. Aetna Casualty & Surety Co.*, 338 U.S. 366, 381-82 (1949)) ("Where there is partial subrogation, there are two real parties in interest under Rule 17."); *Gannett v. Pettegrow*, 224 F.R.D. 293, 294 (D. Me. 2004) (citing *State Farm Mut. Liab. Ins. Co. v. United States*, 172 F.2d 737, 739 (1st Cir.1949)); *Hancotte v. Sears, Roebuck & Co.*, 93 F.R.D. 845, 846 (E.D. Pa. 1982) ("It is settled law that an insurer, whether it has paid all of the loss or only part of the loss, is a real party in interest under Rule 17(a)."); *St. Paul Fire & Marine Ins. Co. v. Peoples Natural Gas Co.*, 166 F. Supp. 11, 12 (W.D. Pa. 1958) ("a partial subrogee may maintain an action in a federal court alone without joining other real parties in interest, i.e., the indemnitee and other subrogees."). Further, there has been no allegation that Empire is in privity with Chi-Chi's, or that Chi-Chi's assigned its rights to Empire.

At oral argument, Sysco argued that an insured may have the right to pursue the entire claim, citing *Catalfano v. Higgins*, 188 A.2d 357 (Del. 1962).[7] This proposition, while uncontroversial, is misguided. The fact that Chi-Chi's *may* have been able to pursue the entire claim, does not mean that Chi-Chi's *did*, in fact, pursue the entire claim. *E.g., Virginia Elec. & Power Co. v. Westinghouse Elec. Corp.*, 485 F.2d 78, 84 (4th Cir. 1973) ("Either party may bring suit-the insurer-subrogee to the extent it has reimbursed the subrogor, or the subrogor for either the entire loss or only its unreimbursed loss."). The two dismissal rule does not operate as an

---

[7] Transcript of November 16, 2005 Hearing, at 9.

8

adjudication on the merits for any claims that Chi-Chi's could have brought, but operates only on causes of action which were actually pursued by Chi-Chi's. Accordingly, it is hereby determined that the Chi-Chi's and Empire Actions were not filed by the same plaintiff. Thusly, the two dismissal rule is inapplicable.

*****

Because the two actions were not brought by the same plaintiffs, it is unnecessary to make a determination on whether the other requirements of the two dismissal rule have been met. As determined above, it is an unsupported contention that the Chi-Chi's Action and the Empire Action involve the same claims. It is true that the Chi-Chi's complaint and the Empire complaint arise from the same underlying facts, the hepatitis outbreak. Chi-Chi's, however, seeks recovery for lost profits, and other amounts paid in connection with the hepatitis claims. Empire seeks only to recover part or all of the $10,000,000 that it paid as Chi-Chi's insurer. Empire cannot, and does not, seek to recover for Chi-Chi's lost profits, and brings its own, distinct causes of action. *See Jackson Nat. Life Ins. Co. v. Greycliff Partners, Ltd.*, 226 B.R. 407, 417 (E.D. Wis. 1998) ("The argument is meritless because the two Delaware actions do not involve the same claims. . . . Thus, the actions were brought by legally-distinct plaintiffs asserting two completely different sets of legal rights."). The fact that Empire chose to use language in its complaint that is quite similar to Chi-Chi's complaint is insufficient, alone, to place the actions within the scope of the two dismissal rule.

Second, even though both dismissals were accomplished by notice as to Sysco, courts have declined to apply the two dismissal rule under similar circumstances. Chi-Chi's alleges that its complaint was allegedly dismissed due to Chi-Chi's belief that Sysco would seek arbitration.

9

As stated by the District of Puerto Rico in *Island Stevedoring*:

> Even were we to find that the second dismissal was voluntary or by notice as
> required by the language of Rule 41(a)(1), we would still find the two dismissal
> rule inapplicable. A second dismissal as contemplated by this provision preceded
> by a dismissal by stipulation knowingly consented to by all the parties does not
> trigger the two dismissal rule. The rationale for this exception stems from the
> underlying policy of the rule. The primary purpose of the "two dismissal" rule is
> to prevent an unreasonable use of the plaintiff's unilateral right to dismiss an
> action prior to the filing of defendant's responsive pleading. However, the danger
> of abuse of this right lessens when the original dismissal stems from mutual
> agreement.
>
> While the parties did not file a formal stipulation, the record in the case clearly
> indicates that the first dismissal resulted from negotiations and a consent
> agreement among the parties. BORDELON, however, by insisting on a formal
> stipulation, asks this court to swear allegiance to the language of Rule 41(a)(1) at
> the expense of its underlying policy. This we refuse to do.
>
> . . . Consequently, we find that the first dismissal was in essence, if not in form, by
> stipulation. The two dismissal rule, therefore, does not apply.

*Island Stevedoring, Inc. v. Barge CCBI*, 129 F.R.D. 430, 432 (D. P.R. 1990); *TCW Special*

*Credits v. FISHING VESSEL CHLOE Z*, 2000 WL 1277922, *2 (9th Cir. 2000) (holding that

although a prior dismissal "was not formally 'stipulated,' it was not unilateral as all parties tacitly

agreed to the dismissal in favor of litigating the action" elsewhere, and that there was "no

evidence that the filings and dismissals were part of a strategy to harass" the defendant);

*Ater ex rel. Ater v. Follrod*, 238 F. Supp. 2d 928, 953-54 (S.D. Ohio 2002) (finding that

application of the two dismissal rule was not warranted because the "dismissals were not

completely unilateral, and there is no evidence in the record that Plaintiffs acted with the intent of

harassing Defendants.").

******

Further, the purpose of the two dismissal rule would not be served if applied in this

10

instance. "The purpose of the 'two dismissal' rule, 'pointed out in numerous decisions, is to prevent unreasonable abuse and harassment,' 'by plaintiff securing numerous dismissals without prejudice.'" *E.g., Sutton Place Development Co. v. Abacus Mortg. Inv. Co.*, 826 F.2d 637, 640 (7th Cir. 1987) (citations omitted); *ASX Inv. Corp. v. Newton*, 183 F.3d 1265, 1268 (11th Cir. 1999) (citing *Poloron II*, 534 F.2d at 1017) ("[T]he primary purpose of the 'two dismissal' rule is to prevent an unreasonable use of the plaintiff's unilateral right to dismiss an action prior to the filing of the defendant's responsive pleading."); *American Cyanamid Co. v. McGhee*, 317 F.2d 295, 297-98 (5th Cir. 1963); *Western Group Nurseries, Inc. v. Ergas*, 211 F.Supp.2d 1362, 1370 (S.D. Fla. 2002) ("The purpose of the two dismissal rule is to prevent duplicative, wasteful and harassing litigation."). There has been no allegation or indication from the record that Chi-Chi's actions have been taken in bad faith to harass Sysco, or to otherwise abuse the judicial system. The record does not reflect whether Sysco filed a responsive pleading in any of the subject proceedings. While the two dismissal rule exists to protect Sysco from harassment, it would not be served by penalizing Chi-Chi's for the unilateral decisions of Empire to bring an action against Sysco and Castellini, inserting Chi-Chi's as the nominal plaintiff, and incorporating the language of the complaint in the Chi-Chi's Action. Empire is represented by separate counsel, which has acted to protect its own interests without the consultation or collaboration of Chi-Chi's. Instead, application of the two dismissal rule would serve to operate as an adjudication on the merits of Chi-Chi's claim, leaving Chi-Chi's without its first opportunity to litigate its claims. *See Poloron II*, 534 F.2d at 1017 ("Where the purpose behind the 'two dismissal' exception would not appear to be served by its literal application, and where that application's effect would be to close the courthouse doors to an otherwise proper litigant, a court should be most careful

11

not to construe or apply the exception too broadly.").

Sysco also notes that Chi-Chi's arguments would allow Sysco to be sued by Chi-Chi's, and then individually by each of Chi-Chi's insurers and creditors. Other protections, however, exist to protect Sysco against this hypothetical scenario. Sysco's arguments may have been more persuasive in a motion seeking to join Empire or Chi-Chi's as a necessary party. *Arkwright-Boston Mfrs. Mut. Ins. Co. v. City of New York*, 762 F.2d 205, 209 (2d Cir.1985) ("In a subrogation case the insurer and the insured are 'necessary' parties, but clearly they are not indispensable parties."); *St. Paul Fire & Marine Ins. Co. v. Peoples Natural Gas Co.*, 166 F. Supp. 11, 12 (W.D. Pa. 1958) (citing *Yorkshire Ins. Co. v. United States*, 171 F.2d 374 (3d Cir. 1948)) ("the defendant is protected from a multiplicity of suits by its opportunity under the rules to join the necessary parties."). Neither Sysco nor Castellini filed motions seeking to join Empire or Chi-Chi's as necessary parties in either action. Accordingly, Sysco cannot now attempt to utilize Rule 41(a)(1) to extinguish Chi-Chi's ability to litigate its claims.

*******

Sysco also cites language contained in the order of the Pennsylvania District Court, which states that

> In addition to both claims being brought solely in the name of Chi-Chi's, Inc., both assert the "same rights" through the same six contractually based theories of recovery, both assert the "same facts" and claim the same harm, and both demand the same "relief" from Castellini. The Court, therefore, concludes that pursuant to the first filed rule, the Third-Party Complaint filed against Castellini in this Court should be dismissed.

*Funkhouser v. Chi-Chi's Inc.*, 2005 WL 2545300, at *2 (W.D. Pa. 2005) (citations omitted). Initially, it should be noted that the Pennsylvania District Court found only that under the first filed rule, the suits were both brought solely in the name of Chi-Chi's. It did not make a

12

determination as to the real party in interest in each action, as required by the two dismissal rule. The findings of the Pennsylvania District Court, moreover, were made under different procedural circumstances, and are not necessarily binding in this matter. Further, the preclusive effect of the Pennsylvania District Court's findings may be defeated where the difference in legal standards applied are significantly different. *E.g., Raytech Corp. v. White*, 54 F.3d 187, 191 (3d Cir. 1995) ("To defeat a finding of identity of the issues for preclusion purposes, the difference in the applicable legal standards must be 'substantial.'"); *Peterson v. Clark Leasing Corp.*, 451 F.2d 1291 (9th Cir. 1971) ("Issues not identical [for collateral estoppel purposes] if the second action involves application of a different legal standard, even though the factual setting of both suits be the same.").

"The first-filed rule is a judicial construct aimed at conserving judicial resources and safeguarding litigants by preventing concurrent duplicative litigation of the same issues between the same parties in more than one federal court." *APV North America, Inc. v. Sig Simonazzi North America, Inc.*, 295 F. Supp. 2d 393, 396 (D. Del. 2002). As stated by the Pennsylvania District Court, the "first-filed rule has been employed by the courts in the Third Circuit to enjoin, where appropriate, 'the subsequent prosecution of 'similar cases . . . in different federal district courts.'" *Funkhouser*, 2005 WL 2545300 at *1 (quoting *EEOC v. University of Pennsylvania*, 850 F.2d 969, 971 (3d Cir. 1988)); *Hay Acquisition Co., I, Inc. v. Schneider*, 2005 WL 1017804, *12 (E.D. Pa. 2005); *see also Ellenby Technologies, Inc. v. AT Systems Inc.*, 2002 WL 356686, *2 (D. Del. 2002) (the first filed rule applies "where two federal courts have concurrent jurisdiction over sufficiently similar issues and parties."). "The decision to invoke the first-filed rule is an equitable determination that is made on a case-by-case, discretionary basis." *Nutrition*

13

*& Fitness, Inc. v. Blue Stuff, Inc.*, 264 F.Supp.2d 357, 360 (W.D. N.C. 2003). The Pennsylvania District Court made a determination based on considerations of judicial economy and convenience that the plaintiffs in the actions were sufficiently similar to invoke the first-filed rule. Accordingly, Chi-Chi's third party complaint was dismissed in favor of the Empire Action being prosecuted in this Court against Castellini.

The legal standards applied under the first-filed rule are significantly different from the requirements under Rule 41(a)(1). As noted above, because it operates as an adjudication on the merits, the two dismissal rule is a statutory rule that has been strictly construed. Adherence to the statutory language of Rule 41(a)(1) overrides a doctrine judicially created for reasons of convenience and economy. *See Applied Concepts, Inc. v. Olympia Indus., Inc.*, 15 Fed. Appx. 793, 799 (Fed. Cir. 2001) ("Moreover, the judicially created doctrine of claim differentiation cannot override the statutory requirements of § 112 . . . ."); *Coohey v. U.S.*, 172 F.3d 1060, 1063 (8th Cir. 1999) ("These provisions override and displace judicially-created doctrines in cases where the statutory provisions apply."). The Pennsylvania District Court's findings should not be given preclusive effect in this proceeding, where the policy of the two dismissal rule would not be served, and the narrow requirements of Rule 41(a)(1) are not present. *See Bath Iron Works Corp. v. Director, Office of Workers' Compensation Programs, U.S. Department of Labor*, 125 F.3d 18, 22 (1st Cir. 1997) ("Certainly a difference in the legal standards pertaining to two proceedings may defeat the use of collateral estoppel. . . . But this is so only where the difference undermines the rationale of the doctrine."); *Copeland v. Merrill Lynch & Co., Inc.*, 47 F.3d 1415, 1422 (5th Cir. 1995) (citing *Brister v. A.W.I., Inc.*, 946 F.2d 350, 354 & n. 1 (5th Cir. 1991)) ("[E]ven when issues are stated in 'nearly identical language,' collateral estoppel is

14

unavailable when there are disparate policies underlying each inquiry which result in definite differences in application and result."); *City of Cleveland v. Cleveland Elec. Illuminating Co.*, 538 F. Supp. 1227, 1231 n.3 (N.D. Ohio 1980) ("Where, as here, the legal standards of two statutes are significantly different, the decision of issues under one statute does not give rise to collateral estoppel in the litigation of similar issues under a different statute.").

********

Sysco has not met its burden of showing that Rule 41(a)(1) should be applied to bar Chi-Chi's arbitration claim, since this case involves separate real parties in interest, represented by separate counsel, prosecuting distinct causes of action. Accordingly, judgment is hereby rendered in favor of Debtor-Defendant Chi-Chi's, and the complaint is hereby DISMISSED. Each party is to bear its respective costs.

**IT IS SO ORDERED.**

Dated, this ___18th___ day of
January, 2006

**JUDGE RANDOLPH BAXTER**
**UNITED STATES BANKRUPTCY COURT**

## IN THE UNITED STATES BANKRUPTCY COURT
### FOR THE DISTRICT OF DELAWARE

In Re:

      **CHI-CHI'S, INC.,** *et al.*

          **Debtors.**

---

      **SYSCO CORPORATION and
THE SYGMA NETWORK, INC.,**

          **Plaintiffs,**

      **v.**

**CHI-CHI'S, INC.,**

          **Defendant.**

**In Proceedings Under Chapter 11**

**Case No.: 03-13063**

**Adv. Proc. No. 05-52726**

**JUDGE RANDOLPH BAXTER**

### JUDGMENT

In Delaware, in said District, on this 18th day of January, 2006.

A Memorandum Of Opinion And Order having been rendered by this Court in this matter.

IT IS THEREFORE ORDERED, ADJUDGED AND DECREED that judgment is hereby rendered in favor of Debtor-Defendant Chi-Chi's, and the complaint is hereby DISMISSED. Each party is to bear its respective costs.

IT IS SO ORDERED.

**RANDOLPH BAXTER
JUDGE
UNITED STATES BANKRUPTCY COURT**

## UNITED STATES BANKRUPTCY COURT
### DISTRICT OF DELAWARE

Clerk of Court                                    824 Market Street
David D. Bird                                     Wilmington, DE 19801
                                                  (302) 252-2900

Date:  March 14, 2006

To:    **Peter Dalleo, Clerk**
       U.S. District Court
       District of Delaware
       U.S. Courthouse - 844 King Street
       Wilmington, DE 19801

Re:    Chi-Chi's Inc., et al.
       Adversary Case #05-52726 (RB)

       Enclosed is the bankruptcy Record on **Appeal #AP-06-8.**   Please acknowledge receipt on
the copy provided.

**Enclosed Items:**
**Notice of Appeal: #AP-06-8**
**Appealable Orders: Yes**
**Statement of Issues on Appeal: Yes**
**Appellants Designations: Yes**
**Appellee Designations: Yes**

                                        Sincerely,

                                        Barbara M. Torres

                                        Barbara M. Torres, Deputy Clerk

___X__ Filing fee paid on _2/1/06_____
_____ Filing fee not paid


I hereby acknowledge receipt of the above record on appeal this _____ day of _____,
2005.

By: _____          C.A. No.:
       Deputy Clerk, U.S. District Court

## TRANSMITTAL SHEET FOR APPEAL SUBMITTED TO U.S. DISTRICT COURT

Bankruptcy Case Number: **03-13063**
Deputy Clerk Transferring Case: Barbara M. Torres  (302) 252-2900 x5135
Appeal #: **(AP-06-8)**
**Case Type: Adversary**

**Nature of Suit:** Notice of Appeal

**Cause of Appeal:**

Order and Memorandum Opinion entering judgment in favor of Debtor-Defendant Chi-Chi's.
Signed on January 18, 2006, docket number 28. [Related documents # 27].

| | |
|---|---|
| **Parties:** | Counsel for Sysco Corporation and The SYGMA Network, Inc. vs. Counsel for Chi-Chi's Inc. And Counsel for Empire Indemnity Insurance Company, Subrogee of Debtors, Chi-Chi's, Inc. |
| **Debtors:** | **Chi-Chi's Inc.  Et al.** |
| **Counsel:** | **Jeffrey R. Waxman** |
| | Cozen O'Connor |
| | 1201 N. Market Street |
| | Suite 1400 |
| | Wilmington, DE 19801 |
| **Telephone:** | **(302) 295-2000** |
| **Appellant:** | **Sysco Corporation and The SYGMA Network, Inc.** |
| **Counsel:** | **Mark Felger** |
| | **Jeffrey R. Waxman** |
| | Cozen O'Connor |
| | Chase Manhattan Centre, Suite 1400 |
| | Wilmington, DE 19801 |
| **Telephone:** | **(302) 295-2000** |
| | **Philip G. Kircher, Esquire** |
| | **Aaron Krauss, Esquire** |
| | Cozen O'Connor |
| | 1900 Market Street |
| | Philadelphia, PA 19103 |
| | **(215) 665-2000** |

**Appellee:**           **Chi-Chi's, Inc.**
**Counsel:**          **Frederic L. Gordon**
                      **Rhonda J. Holmes**
                      **Douglas J. Billings**
                      Gordon & Holmes
                      223 West Date Street
                      San Diego, CA 92101

                      **William N. Lobel**
                      **Alan J. Friedman**
                      Irell & Manella LLP
                      840 Newport Center Drive, Suite 400
                      Newport Beach, CA 92660-6324
**Telephone:**        **(949) 760-0991**

                      **Laura Davis Jones**
                      **Bruce Groshgal**
                      **Rachel Lowy Werkheiser**
                      **Sandra G.M. Selzer**
                      Pachulski, Stang, Ziehl, Young, Jones & Weintraub P.C.
                      919 N. Market Street, 17th Floor
                      P.O. Box 8705
                      Wilmington, DE 19899
                      **(302) 652-4100**

                      **Empire Indemnity Insurance Company, Subrogee of Debtors,**
                      **Chi-Chi's, Inc. - Intervenor -Defendant**

                      **Francis G.X. Pileggi, Jr.**
                      **Bernard George Conaway**
                      **L. Jason Cornell**
                      Fox Rothschild LLP
                      919 N. Market Street, Suite 1300
                      P.O. Box 2323
                      Wilmington, DE 19899-2323
                      **(302) 654-7444**

**Richard Dennis Abrams**
Heckler & Frabizzio, P.A.
800 Delaware Avenue, Suite 200
Wilmington, DE 19801
**(302) 573-4800**